

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

January 16, 1951

Hon. Wm. J. Jackson
County Attorney
Hemphill County
Canadian, Texas

Opinion No. V-1144.

Re: Effect on county taxes of home-
stead exemption provided in
Secs. 1-a and 1-b of Art. VIII,
Tex. Const., and propriety of
holding farm-to-market road tax
election at same time as county
tax reallocation election.

Dear Sir:

In your letter of December 27, 1950, you submit this question:

"Does the $3,000.00 residence homestead exemp-
tion provided in Sec. 1-a, Art. 8, Constitution of
Texas, adopted Nov. 2, 1948, together with the
statutory provisions of Art. 7048a, Sec. 2, of the
Revised Civil Statutes, apply only to the 30¢ per
$100.00 valuation levy therein authorized, or does
such residence homestead exemption apply to all
taxes for county purposes? Further, are county
taxes in any manner affected by the provisions of
Sec. 1-b, Art. 8, Constitution of Texas, adopted
Nov. 2, 1948, providing a $3,000.00 residence home-
stead exemption on all taxes for 'state purposes'?"

The pertinent provisions of Section 1-a are the follow-
ing:

"From and after January 1, 1951, no State ad
valorem tax shall be levied upon any property within
this State for general revenue purposes. From and
after January 1, 1951, the several counties of the
State are authorized to levy ad valorem taxes upon
all property within their respective boundaries for
county purposes, except the first Three Thousand
Dollars ($3,000) value of residential homesteads, not
to exceed thirty cents (30¢) on each One Hundred
Dollars ($100) valuation, in addition to all other
ad valorem taxes authorized by the Constitution of
this State, provided the revenue derived therefrom
shall be used for construction and maintenance of
Farm to Market Roads or for Flood Control, except

as herein otherwise provided."

Section 1-b reads as follows:

"Three Thousand Dollars ($3,000) of the assessed
taxable value of all residence homesteads as now de-
fined by law shall be exempt from all taxation for all
State purposes."

All property is subject to taxation on an equal and
uniform basis, with the exception only of such property as the
Constitution expressly exempts from taxation or such property as
the Legislature shall under constitutional authorization and
restrictions declare to be exempt. City of Wichita Falls v.
Cooper, 170 S.W. 2d 777 (Tex. Civ. App. 1943, error ref.). The
exemption authorized by Section 1-b is limited to taxes for
State purposes and therefore cannot be applied to taxes levied
for county purposes.

The exemption provided in Section 1-b was formerly
carried in Section 1-a of Article VIII, as adopted August 26,
1933. Thus, prior to the effective date of the present Section
1-a, this section effectuated the homestead exemption from State
ad valorem taxes levied for general revenue purposes, such taxes
being clearly for State purposes. Likewise, prior to the time
of the effective date of Section 1-a as amended November 2, 1948,
there existed no constitutional exemption for any amount of the
assessed taxable value of residence homesteads from taxation for
any county purpose, nor was the Legislature authorized by the
Constitution to make such an exemption. We are of the opinion
that in providing a $3,000 exemption in Section 1-a, the intent
of the framers of the amendment and of the people in adopting it
was to preserve the equivalent of the exemption formerly accorded
the $3,000 of the assessed taxable value of residence homesteads
from State ad valorem taxes for general revenue purposes. In
other words, since the State ad valorem tax for general revenue
purposes was to be abolished from and after January 1, 1951, and
since $3,000 of the assessed taxable value of residence home-
steads prior to that date was exempt from such tax, the same pro-
tective exemption was to be accorded homesteads should the county
see fit to levy the new county ad valorem tax authorized by
Section 1-a. This interpretation is in accord with the language
used in Section 1-a.

Since only one specific county purpose tax is dealt with
in this Section, it is clear that the exemption therein provided
was also limited to that specific tax.

You also request our opinion on the following question:

"I have also been asked whether or not the election provided by Art. 7048a, Sec. 7, Revised Civil Statutes, to decide whether or not such 30¢ per $100.00 valuation tax for Farm-to-Market and Lateral Roads, should be levied could be held at the same time as an election to provide for re-allocation of county taxes as provided in Sec. 9, Art. 8, Constitution of Texas, adopted Nov. 7, 1944?"

No constitutional or statutory provision prevents holding the above mentioned elections at the same time. Of course, the specific statutory requirements of Article 7048a, V.C.S., relating to ordering the election, notice of election, etc., contained in Sections 7 and 8, must be complied with. These requirements differ from the requirements contained in the general election statutes, Title 50, V.C.S., which are applicable to a county tax reallocation election, and which must be complied with in holding such an election.

## SUMMARY

The $3,000 residence homestead exemption provided in Section 1-a, Article VIII, Constitution of Texas, applies to such county taxes as may be levied for farm-to-market roads or for flood control under said constitutional provision, but not to other county taxes. An election to determine whether a county shall levy the farm-to-market road tax and a county tax reallocation election may be held at the same time, provided applicable statutory requirements for each election are complied with.

Yours very truly,

PRICE DANIEL
Attorney General

MMC/mwb/wc

By   s/Marietta McGregor Creel
Mrs. Marietta McGregor Creel
Assistant

APPROVED:

W.V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Assistant

Charles D. Mathews
First Assistant